UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
AZARIAH CAMPBELL,

                         Plaintiff,

           - against -

THE COUNTY OF WESTCHESTER and
ANTHONY LANDI, PHILIP SIMONETTI,
RUSSELL SORRENTINO and JOHN POSIMATO,
IN THEIR OFFICIAL CAPACITIES AS
EMPLOYEES and AGENTS OF WESTCHESTER
COUNTY, and in their individual capacities,

                        Defendants.
-------------------------------------------------------------x

06 Civ. 1397 (CLB) (LMS)

*Memorandum and Order*

Brieant, J.

    Before this Court for consideration is the Report and Recommendation of the Hon. Lisa Margaret Smith, United States Magistrate Judge, filed April 13, 2007. No objections have been filed to the Report. Familiarity on the part of the reader is assumed.

    Plaintiff, a former employee of the County of Westchester, claims that he was discharged as a result of discrimination against him because of his Carribean national origin. As appears from the Report, the defendants Westchester County, Anthony Landi, Philip Simonetti, Russell Sorrentino and John Posimato, moving only in their "official capacity" have moved to dismiss the Amended Complaint pursuant to Rule 12(b)(6) Fed. F. Civ. P. The motion is based upon the statute of limitations, collateral estoppel and failure to state a claim.

    The learned Magistrate Judge recommended to this Court in her Report and

-1-

Recommendation that the Defendant's motion to dismiss the Plaintiff's Amended Complaint should be granted in its entirety, and it should be dismissed with prejudice as to Westchester County and the individual Defendants in their "official capacities." To that extent, this Court agrees.

The Magistrate Judge also concluded that "because the time to effectuate service of process of the Amended Complaint on the individual Defendants in their "personal capacities" has not been expired under Rule 4(m) of the Federal Rules of Civil Procedure, and because amended summonses were not issued to the individual Defendants subsequent to the Plaintiff filing his Amended Complaint, that the Amended Complaint should not be dismissed for failure to effect service of process." The Report goes on to recommend that the County of Westchester provide the appropriate home and work addresses of the individual Defendants to assist Plaintiff to effect service on them in their "personal capacities." The original summons issued in the case, and the initial Complaint, named the individuals only in their "official capacities."

As noted below, this Court does not agree that a basis exists to prolong the litigation against these Westchester County officials and employees in their personal capacity. The Amended Complaint is summarized adequately in the Report and Recommendation. Mr. Campbell, an African American of Carribean descent, is a former maintenance worker at the Westchester County Department of Environmental Facilities. He was discharged on May 3, 2002 pursuant to disciplinary charges, following the adoption by the employer of a Hearing Officer's recommendation to that effect. In October, 2002, Plaintiff was served disciplinary

charges alleging ten instances of alleged misconduct and poor job performance between December 3, 1999 and December 10, 2000. He claims these charges were the result of discrimination based upon his national origin and that three other white male employees charged with similar violations in 2000 were not terminated and that the recommendation was made by a Hearing Officer who was "unilaterally selected by the County." This later allegation is a non-starter, because all Hearing Officers are unilaterally selected by the employer under New York State Civil Service Law § 75, in cases where the employing board does not itself choose to hear the charges.

      The Amended Complaint asserts three separate claims against the employer and the four individually named Defendants "in their personal and official capacities." First, Mr. Campbell claims he was subject to unequal terms and conditions of employment based on his national origin when he was cited for job deficiencies that similarly situated Caucasian employees were not cited for, and that his termination from employment was based on national origin discrimination. Secondly, he claims unequal terms and conditions when he was not provided notice of job performance deficiencies and infractions in a timely manner in violation of 42 U.S.C. § 1981 and further that he was retaliated against because he filed a charge of employment discrimination in August 2002. As noted earlier, he also alleges a Fourteenth Amendment Due Process Violation when the County selected a biased Hearing Officer to conduct a Section 75 Hearing under the Civil Service Law of New York. This latter point, if actionable at all, appears to have been procedurally waived by failing to object to the Hearing Officer and to seek an order from the New York State Supreme Court disqualifying the Officer if

indeed there was bias.

Because they were only named in their "official capacities" in the original Complaint, none of the individual Defendants have been served with the Amended Complaint in their "personal capacities."  The County Attorney has represented to the Court that she has not waived service of the Amended Complaint on the individual Defendants in their "personal capacities" by appearing before this Court on their behalf in their "official capacities" or by filing the motion to dismiss on their behalf in their "official capacities," and that she does not and will not represent them in their individual capacity.

There is nothing to this attempted distinction with respect to a natural person.  This schizophrenic version of the personality of a County official or any individual party, has no basis in History, Logic, or the Federal Rules of Civil Procedure.  If Defendants violated Mr. Campbell's rights, the only way they could do so was under color of state law, namely by acting in their official capacities, perhaps *ultra vires,* but nonetheless by use of the power associated with their offices.  To the extent that they are not acting in their official capacity, they are not acting at all, and as incapable of violating Plaintiff's rights as a bystander in the street.  Therefore, because no claim is or can be stated against these municipal servants other that in their official capacity, there is no purpose in failing to dismiss as to them, as the Report and Recommendation suggests.

Nor does this Court perceive any jurisprudential basis for ordering further service on the

private half of the split personalities which Plaintiff attributes to the defendant public officials, and which the Magistrate Judge apparently accepts. Once the individual defendants were named in the original Complaint and served, there was no need to denote the "capacity" in which sued for this Court to acquire over them personal jurisdiction to the full extent of the substantive claims alleged, and to the full extent permitted by the Constitution and laws. There is no need to re-serve process on them or issue a new summons when the Amended Complaint, for the first time, sought to sue them also in their "individual capacity." Capacity to be sued is regulated only by Rule 17(b) Fed. R. Civ. P., which reads in relevant part as follows:

> **Rule 17.  Parties Plaintiff and Defendant; Capacity**
> \*     \*     \*     \*
>   **(b) Capacity to Sue or be Sued**.  The capacity of an individual, other than one acting in a representative capacity, to sue or be sued shall be determined by the law of the individual's domicile.  The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized.  In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held, except (1) that a partnership or other unincorporated association, which has no such capacity by the law of such state, may sue or be sued in its common name for the purpose of enforcing for or against it a substantive right existing under the Constitution or laws of the United States, and (2) that the capacity of a receiver appointed by a court of the United States to sue or be sued in a court of   the United States is governed by Title 28, U.S.C., Sections 754 and 959(a).

Nor is there any necessity to plead capacity in a case such as this, and we are left to wonder why *pro se* litigants and thoughtless lawyers continue to do so. Rule 9 Fed. R. Civ. P. provides in relevant part as follows:

> **Rule 9.  Pleading Special Matters**
>
>   **(a) Capacity.**  It is not necessary to aver the capacity of a party to sue or be sued or the authority of a party to sue or be sued in a representative capacity or the legal existence of an organized association of persons that is made a party, except to the extent required to show the jurisdiction of the court.  When a party desires to raise

>an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, the party desiring to raise the issue shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge.

The Court appreciates the concern of the County Attorney that she should not commit taxpayers' funds to provide a defense to officials who might be acting *ultra vires* or in the nature of a "frolic and detour," incurring only personal liability. However, those actions are just what the civil rights laws seek to remedy, and notwithstanding any schizophrenic limitation in the attorney's notice of appearance, the Court in such a case would have no difficulty in imposing punitive damages against the individuals only.

The Report and Recommendation is modified to provide that the Complaint shall be dismissed with prejudice, with respect to all claims which have been or could have been pleaded in the action, against any defendant in any capacity, and so modified is adopted as the decision of the Court. The Clerk shall file a final judgment.

SO ORDERED.

Dated: White Plains, New York
      May 16, 2007

                                                Charles L. Brieant, U.S.D.J.